# In the United States Court of Federal Claims

No.  09-762T
(Filed: October 19, 2010)

```
* * * * * * * * * * * * * * * *
                                *
ALBERT R. KENNEDY,              *
                                *
                Plaintiff,      *
                                *
v.                              *
                                *
THE UNITED STATES,              *
                                *
                Defendant.      *
                                *
* * * * * * * * * * * * * * * *
```

### ORDER GRANTING DEFENDANT'S MOTION FOR SUSPENSION OF PROCEEDINGS AND DENYING PLAINTIFF'S MOTION FOR ENJOINMENT UNDER 26 U.S.C. § 6331(i)

Pending before the court is the motion of the defendant, the United States ("the government) for an order suspending the proceedings in this tax refund case until proceedings are completed in a suit against the plaintiff, Albert Rod Kennedy ("Mr. Kennedy") and an additional party in the U.S. District Court for the Western District of Texas ("Western District of Texas").  As part of its motion, the defendant also requests an enlargement of time within which to answer or otherwise respond to the plaintiff's complaint.  In response, the plaintiff has moved for enjoinment of the proceedings in the Western District of Texas and application for default judgment in this case.

For the reasons that follow, the defendant's motion to suspend proceedings is **GRANTED** and the defendant's motion for an enlargement of time is **DENIED-AS-MOOT**. The plaintiff's motion for enjoinment and application for default judgment is **DENIED**.

## I.    BACKGROUND

This case concerns the February 15, 2007 Internal Revenue Service ("IRS") assessment of the penalty provided by 26 U.S.C. § 6672 (1998) ("I.R.C. § 6672") against Mr. Kennedy in the amount of $12,354.78. The assessment was for income and Social Security taxes of employees of M.S. Patrol allegedly unpaid by M.S. Patrol, Inc. ("M.S. Patrol"), for the fourth quarter of 2000, during which time Mr. Kennedy served as M.S. Patrol's Vice President of Marketing. Compl. Ex. A, at 3. I.R.C. § 6672 provides in relevant part, "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax . . . [shall] be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." I.R.C. § 6672(a). Mr. Kennedy remitted $476.15 to the IRS, representing the portion of the assessment relating to one employee for the fourth quarter of 2000. Compl. Ex. A, at 3. Mr. Kennedy filed a claim on April 15, 2009 for refund for this amount and a request for abatement of the remainder of tax remaining unpaid. Compl. 2. The claim was disallowed by letter dated August 11, 2009. Compl. 2. Mr. Kennedy filed suit in this court on November 6, 2009,

seeking a refund of the portion of the assessment that he paid.  Compl. 1.

In its April 29, 2010 motion for a suspension of proceedings and enlargement of time, the government states that the fourth quarter of 2000 is only one of eighteen quarters for which the IRS has assessed the I.R.C. § 6672 penalty against Mr. Kennedy for M.S. Patrol's alleged failure to pay employment taxes.  Def.'s Mot. for Susp. 2 ("Def.'s Mot.").  The government explained that it intended to file suit in the U.S. District Court for the Western District of Texas against Mr. Kennedy and Rodrigo G. Gaona ("Mr. Gaona"), who served as the President and Treasurer of M.S. Patrol during the periods at issue, and asked for a suspension of proceedings in the instant case until the action in the Western District of Texas is resolved.  Def's Mot. 1.  On May 3, 2010, the government filed suit in the Western District of Texas against the plaintiff and Mr. Gaona, seeking to reduce all eighteen assessments, totaling $326,101.01, to judgment. Def.'s Suppl. Br. Ex. A, at 3; United States v. Kennedy, No. 10-341 (W.D. Tex. filed May 3, 2010).

On May 14, 2010, the plaintiff filed both a response to defendant's motion and a motion for enjoinment of the case in the Western District of Texas and application for default judgment in this case.  The plaintiff argues that the later-filed suit in the Western District of Texas is barred by statute under 26 U.S.C. § 6331(i) (1998) ("I.R.C. § 6331(i)") and requests that this court enjoin that suit pursuant to 26 U.S.C. § 6331(i)(4)(B).  Pl.'s Mot. 1-2, 6.  I.R.C. § 6331(i) protects taxpayers in certain pending

tax refund suits from the imposition of levies and certain collection actions and states, in

relevant part:

> No levy during pendency of proceedings for refund of divisible tax.--
>> (1) In general.–No levy may be made under subsection (a)[1] on the property or rights to property of any person with respect to any unpaid divisible tax during the pendency of any proceeding brought by such person in a proper Federal trial court for the recovery of any portion of such divisible tax which was paid by such person if–
>>> (A) the decision in such proceeding would be res judicata with respect to such unpaid tax; or
>>> (B) such person would be collaterally estopped from contesting such unpaid tax by reason of such proceeding.
>> (2) Divisible tax.–For purposes of paragraph (1), the term "divisible tax" means–
>>> (A) any tax imposed by subtitle C, and
>>> (B) the penalty imposed by section 6672 with respect to any such tax.
>> . . .
>> (4) Limitation on collection activity; authority to enjoin collection.–
>>> (A) Limitation on collection.– No proceeding in court for the collection of any unpaid tax to which paragraph (1) applies shall be begun by the Secretary during the pendency of a proceeding under such paragraph.  This subparagraph shall not apply to--
>>>> (i) any counterclaim in a proceeding under such paragraph; or
>>>> (ii) any proceeding relating to a proceeding under such paragraph.
>>> (B) Authority to enjoin.– Notwithstanding section 7421(a),[2] a levy or

---

[1] I.R.C. § 6331(a) (1998) states, in relevant part:

(a) Authority of Secretary.–If any person liable to pay any tax neglects or refuses to pay the same . . . it shall be lawful for the Secretary to <u>collect such tax . . . by levy</u> upon all property and rights to property . . . belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

[2] I.R.C. § 7421(a) (1998) states, in relevant part:

(a) Tax.–Except as provided in sections . . . 6331(i) . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

collection proceeding prohibited by this subsection may be enjoined
(during the period such prohibition is in force) by the court in which
the proceeding under paragraph (1) is brought.

I.R.C. § 6331(i).  Following full briefing, the court held oral argument on the defendant's

motion for suspension of proceedings and the plaintiff's motion for enjoinment under

I.R.C. § 6331(i).

## II.     DISCUSSION

### A.      The Defendant's Motion for Suspension of Proceedings

The plaintiff has brought before this court a refund action challenging the

government's contention that he is a responsible person under I.R.C. § 6672.  Two

requirements must be met for an individual to be liable under I.R.C. § 6672.  The

taxpayer must: (1) be a "responsible person" under the statute, and (2) have "willfully"

failed to pay over the taxes due.  Kinnie v. United States, 994 F.2d 279, 283 (6th Cir.

1993).  Cases intended to resolve questions of liability under I.R.C. § 6672 are routinely

referred to as "responsible person" cases.  See Walker v. United States, 43 Fed. Cl. 519,

521 (1999); Klein v. United States, 31 Fed. Cl. 614, 616 (1994), aff'd, 60 F.3d 839 (Fed.

Cir. 1995).  The government has requested a suspension of this action pending the

outcome of the later-filed responsible person action it has filed in the Western District of

Texas for the tax period at issue in this case as well as seventeen additional tax periods

against the plaintiff and another person whom the government claims is also a responsible

person under I.R.C. § 6672.

While the court recognizes "the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue," 17 James W. Moore et al., Moore's Federal Practice ¶ 111.13[1][o][ii][A] (3d ed. 2007) (citation omitted), it is mindful that special circumstances may dictate departure from the first-filed rule in order to serve sound judicial administration. See Walker, 43 Fed. Cl. at 521. Relevant to this case, "[i]n responsible persons cases under [I.R.C. § 6672], motions to suspend usually are granted routinely." Klein 31 Fed. Cl. at 616; see also Walker, 43 Fed. Cl. at 521 ("In responsible person cases similar to the instant case, this court generally has departed from the 'first-filed rule' and has suspended the first-filed Court of Federal Claims action pending completion of the later-filed district court action involving all of the potential 'responsible persons.'").

In a similar case, the Court of Federal Claims was faced with a motion to suspend proceedings pending the outcome of a later-filed responsible person action filed by the government in a separate venue for the taxes at issue in the pending case against the plaintiff and two other people whom the government claimed were also responsible persons under I.R.C. § 6672. Walker, 43 Fed. Cl. at 520-21. There, the court found that in tax cases to determine the liability of a responsible person, judicial economy is generally served by a stay of the first-filed action where a judgment in the later-filed action would be certain to resolve responsible person status with respect to all potentially responsible persons without the need for a second trial, and where a judgment in the first-

filed action would not.  Id.  Such a case arises where only one of a number of potentially responsible persons has come before this court seeking a refund and where that plaintiff has argued that another individual (or individuals) possessed control over pertinent operations of the company in question such that the plaintiff should not be considered a responsible person.  Id.  But cf. Rineer v. United States 79 Fed. Cl. 765, 767 (2007) (denying suspension of later-filed collection action where plaintiff's "theory of non-liability [was] not specific to her but instead attempt[ed] to excuse the failure to pay taxes at the firm level-distinguishing this case from the more typical section 6672 scenario, in which fingers are pointed at other potentially responsible persons and not at the government").  The court found under such circumstances that the district court in the later-filed action "can be expected to get the most complete and accurate picture of relative responsibilities and operations within a corporation [where] all of the potential responsible persons are parties to the action and each is potentially liable financially." Walker, 43 Fed. Cl. at 522.

In this case, the plaintiff has pointed toward the culpability of another potentially responsible person, Mr. Gaona, as one of his primary arguments for the refund he seeks for the fourth quarter of 2000.  Compl. Ex. A.  The government's later-filed action in the district court includes both the plaintiff and Mr. Gaona as defendants, and, in addition to the fourth quarter of 2000, includes claims for seventeen additional tax periods.  Def.'s Suppl. Br. Ex. A.  No claims based on the additional tax periods are before this court, and

the government has indicated its intent to maintain its later-filed action with respect to the additional tax periods regardless of whether the current action is stayed. Def.'s Reply and Resp. ("Def's Reply"). Thus, continuation of this case while the Western District of Texas proceeds on the additional seventeen counts would require two courts to try two cases involving the same statute, some of the same parties, the same company, similar facts and circumstances, and likely many of the same witnesses. Further, a judgment from the Western District of Texas would resolve responsible person status for both the plaintiff and the other party involved in that case, whereas a judgment in this case would not. For these reasons, judicial economy weighs heavily in favor of a suspension of proceedings until such time as the later-filed action has been resolved.

**B.     The Plaintiff's Motion for Enjoinment Under I.R.C. § 6331(i).**

The plaintiff contends that this case is distinguishable from other cases which have been suspended on the grounds that because all of the tax periods at issue in the later-filed action took place after I.R.C. § 6331(i) took effect in 1998, the government was barred from initiating a collection proceeding against the plaintiff in the Western District of Texas once he had filed his refund action in this court. Pl.'s Mot. 3-4. The plaintiff further argues that this court has the authority to enjoin the later-filed action under I.R.C. § 6331(i)(4)(B), which states that "a levy or collection proceeding prohibited by this subsection may be enjoined . . . by the court in which the proceeding under paragraph (1) is brought." Pl.'s Mot. 4-6.

The defendant argues in response that the action in the Western District of Texas is not barred by I.R.C. § 6331(i) because that Code provision is inapplicable here. Def's Reply 3. The defendant contends that its later-filed action in the district court is not a "collection proceeding" under I.R.C. § 6331(i) and may therefore not be enjoined by this court. Id. In the alternative, the defendant argues that its later-filed action is a "proceeding relating" to this action and is therefore exempt from I.R.C. § 6331(i) under I.R.C. § 6331(i)(4)(A)(ii). Id. Finally, the defendant argues that even if its later-filed action is barred under I.R.C. § 6331(i), the plaintiff has failed to make a showing of irreparable harm and inadequacy of legal remedies necessary for this court to enjoin the government from pursuing the later-filed action.

The court will first turn to the question whether the later-filed action in the Western District of Texas is a "collection proceeding" under I.R.C. § 6331(i). If the action in the Western District of Texas is a "collection proceeding," the court must determine whether the later-filed action is a "proceeding relating to a proceeding" under I.R.C. § 6331(i)(4)(A)(ii) with respect to any of the tax periods at issue, and therefore exempt from injunction under I.R.C. § 6331(i)(4)(B). Finally, if the action in the Western District of Texas is not exempt with respect to any of the tax periods, the court must determine whether to issue an injunction under I.R.C. § 6331(i)(4)(B).

> **1.    The Government's Suit to Reduce Assessment to Judgment in the Western District of Texas Is a "Collection Proceeding" Under I.R.C. § 6331(i).**

I.R.C. § 6331(i) was added to the tax code as part of the Internal Revenue Service

Restructuring and Reform Act of 1998 and applies to taxable periods beginning after

December 31, 1998.  Pub. L. No. 105-206, 112 Stat. 726, 759 (1998).  I.R.C. § 6331(i)

limits collection activity and prohibits levies on:

> the property or rights to property of any person with respect to <u>any unpaid</u>
> <u>divisible tax</u> during the pendency of any proceeding brought by such person
> in a proper Federal trial court for the recovery of any portion of such divisible
> tax which was paid by such person, if (A) the decision in such proceeding
> would be res judicata with respect to such unpaid tax; or (B) such person
> would be collaterally estopped from contesting such unpaid tax by reason of
> such proceeding.

I.R.C. § 6331(i)(1) (emphasis added).

"In construing a statute, we begin with its literal text, giving it its plain meaning."

<u>USA Choice Internet Servs., LLC v. United States</u>, 522 F.3d 1332, 1336 (Fed. Cir. 2008)

(internal quotation omitted); <u>see also</u> <u>Dodd v. United States</u>, 545 U.S. 353, 357 (2005)

("We must presume that [Congress] says in a statute what it means and means in a statute

what it says there." (citing <u>Connecticut Nat. Bank v. Germain</u>, 503 U.S. 249, 253-54

(1992)) (internal quotation marks omitted)).  "Beyond the statute's text, [the 'traditional

tools of statutory construction'] include the statute's structure, canons of statutory

construction, and legislative history."  <u>Bull v. United States</u>, 479 F.3d 1365, 1376 (Fed.

Cir. 2007) (quoting <u>Timex V.I. v. United States</u>, 157 F.3d 879, 882 (Fed. Cir. 1998))

(alteration in original; internal quotation marks omitted).

As defined by I.R.C. § 6331(i), a "divisible tax" means "(A) any tax imposed by

subtitle C; and (B) the penalty imposed by section 6672 with respect to any such tax."

I.R.C. § 6331(i)(2).  Thus, a later-filed levy or "collection proceeding" "with respect to

any unpaid [I.R.C. § 6672 penalty]" may be enjoined under I.R.C. § 6331(i)(4)(B).  As

the later-filed action in the Western District of Texas is not a levy, the first question that

must be resolved is whether the later-filed action to reduce an I.R.C. § 6672 penalty to

judgment is a "collection proceeding" within the meaning of I.R.C. § 6331(i)(4) and

therefore may be enjoined under I.R.C. § 6331(i)(4)(B).

The plaintiff contends that the government's suit to reduce the I.R.C. § 6672

assessment to judgment in the Western District of Texas is a "collection proceeding"

under I.R.C. § 6331(i).  The plaintiff points to the seven federal trial court cases that have

interpreted "collection proceeding" under I.R.C. § 6331(i) to include a later-filed suit by

the government to reduce its I.R.C. § 6672 assessment to judgment.[3]  Pl.'s Reply 13-14.

While none of those cases involved the exact circumstances faced in this case and many

of them have been subsequently vacated, the plaintiff contends that the reasoning that led

---

[3] See Rineer, 79 Fed. Cl. 765 (commenting on the potential applicability of I.R.C. § 6331(i) to cases involving tax periods beginning after 1998); Unico Services, Inc. v. United States, 71 Fed. Cl. 464 (2006); Nickell v. United States, No. 4-08-cv-319, 2009 WL 20031915 (E.D. Tex. Apr. 2, 2009), report and recommendation adopted, 2009 WL 1604990 (E.D. Tex June 8, 2009); Conway v. United States, No. 4-08-cv-201, 2009 WL 2031856 (E.D. Tex. Mar. 26, 2009), vacated on reconsideration, 2009 WL 5196717 (E.D. Tex. Dec. 22, 2009) (holding that airline excise tax had been mistakenly treated as a "divisible" tax under I.R.C. § 6331(i)); Nakano v. United States, No. CV-08-1026-PHX-ROS, 2009 WL 2176311 (D. Ariz. July 21, 2009), vacated on reconsideration, slip op. (D. Ariz. Nov. 12, 2009) (holding that airline excise tax had been mistakenly treated as a "divisible" tax under I.R.C. § 6331(i)); Swinford v. United States, No. 5:05-cv-234-R, 2007 WL 496376 (W.D. Ky. Feb. 9, 2007), vacated, 2007 WL 4682273 (W.D. Ky. June 20, 2008).

the courts in those cases to conclude that a later-filed suit to reduce assessment to judgment falls within the definition of "collection proceeding" under I.R.C. § 6331(i) remains sound.

The defendant contends that the later-filed action in the Western District of Texas seeks only a judgment to resolve the liability of potentially responsible persons.  The defendant argues that enforcement or "collection" of that judgment, if necessary, would take place in a second action pursuant to separate statutory authority such as I.R.C. § 7403 (suit to foreclose a lien), I.R.C. § 7402(a) (suit for a writ of entry to enter a taxpayer's residence or business premises to seize assets), or I.R.C. §§ 7402(a), 7403(d) (suit to impose a receivership).  According to the government, its later-filed action in the district court is only a "mechanism" for resolving liability, not a vehicle for collection.  Def.'s Reply 6-7.  Based on this reasoning, the defendant argues that its later-filed action is not barred under I.R.C. § 6331(i), and therefore may not be enjoined under I.R.C. § 6331(i)(4)(B).

The court agrees with the plaintiff that the later-filed action in the district court is a "collection proceeding" under I.R.C. § 6331(i).  The term "collection proceeding" is undefined in I.R.C. § 6331(i), but the plain language of the complaint in the defendant's later-filed action, the statutes cited therein, and the legislative history of I.R.C. § 6331(i) make clear that the later-filed action falls within the meaning of "collection proceeding." First, the defendant's later-filed action to reduce its I.R.C. § 6672 assessment to judgment

was brought "pursuant to 26 U.S.C. §§ 7401, 7402, and 7403." Def.'s Supp. Br. Ex. A, at 1.  Importantly, I.R.C. § 7401 states, in relevant part, "No <u>civil action for the collection</u> or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings . . . ."  I.R.C. § 7401 (2006) (emphasis added).  This "action for the collection" language is echoed in the Internal Revenue Manual.  IRM § 5.17.4.2.2 (1) (Nov. 6 2007) ("The general authority for the United States to commence a <u>court action for the collection or recovery of taxes is provided for by IRC 7401</u>." (emphasis added)).  Thus, it is clear from the plain language of the complaint in the Western District of Texas and the statutes cited therein that the action is an "action for collection."

Second, it is clear from the Conference Report that accompanied the legislation creating I.R.C. § 6331(i) that Congress understood that actions instituted by the government pursuant to I.R.C. § 6672 were collection actions.  The Conference Report includes a discussion of the meaning of "proceedings related to a proceeding" for purposes of I.R.C. § 6331(i)(4)(A)(ii), which provides an exemption to the limitation on later-filed collection proceedings under I.R.C. § 6331(i)(1) for collection proceedings relating to a pending proceeding for the recovery of divisible tax.  In explaining the meaning of "proceeding related to," the Conference Report provided two examples of actions that the government could later file, as follows:

> For example, if a taxpayer brings a suit for a refund of a portion of a penalty that the taxpayer has paid under section 6672, the United States could,

> consistent with this provision, counterclaim against the taxpayer for the
> balance of the penalty or initiate related claims against other persons assessed
> penalties under section 6672 for the same employment taxes.

H.R. Rep. No. 105-599, at 279-80 (1998) (Conf. Rep.).  Congress would not have had to

clarify its intent to exempt the I.R.C. § 6672 actions in the Conference Report example

unless Congress understood that I.R.C. § 6672 actions fell within the category of

"proceeding[s] in court for the collection of any unpaid tax to which [I.R.C. § 6331(i)(1)]

applies."  I.R.C. § 6331(i)(4)(A) (emphasis added).  Accordingly, this court finds that the

later-filed action in the Western District of Texas to reduce a I.R.C. § 6672 penalty to

judgment is a "collection proceeding" within the meaning of I.R.C. § 6331(i)(4).

> **2.      The Seventeen Non-Suit Tax Periods Involve "Proceedings
>          Related to a Proceeding" Under I.R.C. § 6331(i)(4)(A)(ii) and
>          Are Exempt from Injunction.**

        While the court finds that the later-filed action in the Western District of Texas is a

collection proceeding, the court further finds that the plaintiff has no right to injunctive

relief with respect to the tax periods not covered by the pending action.  In Unico

Services, Inc. v. United States, 71 Fed. Cl. 464 (2006), a case similar to the present action

the court found that I.R.C. § 6331(i)(1) does not apply to non-suit tax periods, explaining:

> I.R.C. § 6331(i) "requires the IRS to withhold collection by levy of liabilities
> that are the subject of a refund suit during the pendency of the litigation."  S.
> Rep. No. 105-174, pt. II, at 79-80 (1998), [but that] the Senate Report leaves
> no doubt that this provision will not "affect the IRS's ability to collect other
> assessments that are not the subject of the refund suit."  Id.  Therefore,
> collection by levy of the unpaid employment tax liabilities for the non-suit tax
> periods is not prohibited by § 6331(i).

-14-

Unico, 71 Fed. Cl. at 467-68.  This court agrees with the reasoning in Unico.  The

legislative history of I.R.C. § 6331(i) plainly provides that the IRS will be able to "collect

assessments that are not the subject of the action for a refund."  S. Rep. No. 105-174, at

79-80 (1998).  Thus, the court finds that later-filed collection proceedings for non-suit tax

periods for the same kind of tax fall within the definition of "proceeding relating to" a

proceeding under I.R.C. § 6331(i)(1) and therefore are exempted from enjoinment under

I.R.C. § 6331(i)(4)(A)(ii).  Accordingly, the seventeen non-suit tax periods before the

Western District of Texas may not be enjoined.

### 3.   I.R.C. § 6331(i) Does Apply with Respect to the Tax Period Ending December 2000.

The plaintiff argues that, separate from the non-suit tax periods, this court must

enjoin the later-filed action with respect to the tax period ending December 2000.  More

specifically, the plaintiff argues that it would be contrary to the intent of I.R.C. § 6331(i)

to find that a later-filed proceeding for the collection of the same tax for the same tax

period against the same person constitutes a "proceeding relating to" this proceeding for

the purpose of the exemption under I.R.C. § 6331(i)(4)(A)(ii).

The defendant argues that the phrase "proceeding relating to" should be defined by

the ordinary dictionary definition of "relating" as meaning having a "connection, relation,

or reference."  Def.'s Reply 16 (citing Webster's II New Riverside University Dictionary

992 (Anne H. Soukhanov ed., 1984); The American Heritage Illustrated Encyclopedic

Dictionary 1416 (Pamela DeVinne ed., 1987)).  The defendant argues that because both

cases involve the taxable quarter ending December 2000 such that both actions will address the questions of whether the plaintiff was a responsible person who willfully failed to pay over the divisible tax at issue, the two cases are "relating" in the ordinary sense of the word.  Def.'s Reply 17.

The court finds that the government's reading of I.R.C. § 6331(i)(4)(A)(ii) would render the protections Congress sought to provide a taxpayer meaningless, because, under the government's reading of I.R.C. § 6331(i)(4)(A)(ii), any proceeding to collect a tax under I.R.C. § 7401 would be a "proceeding relating to" the earlier-filed refund suit. Faced with this same argument by the government in a similar case, a district court determined that the government's reading of the exception would swallow the rule, stating:

> A subsequent collection action will always have some connection, relation, and reference to the preceding refund proceeding involving the same taxes and taxpayer.  It is a basic rule of statutory construction that courts "should act under the assumption that Congress intended its enactment to have meaningful effect and must, accordingly, construe [the enactment] so as to give it such effect."  Sutton v. United States, 819 F.2d 1289, 1295 (5th Cir. 1987).  Accordingly, the Court rejects the United States' definition and finds that the exception set out in Section § 6331(i)(4)(A)(ii) does not apply to a collection action against the same taxpayer to recover the same tax at issue in the refund proceeding.

Nickell v. United States, No. 4-08-cv-319, 2009 WL 20031915 (E.D. Tex. Apr. 2, 2009), report and recommendation adopted, 2009 WL 1604990 (E.D. Tex. June 8, 2009).  The court agrees with the reasoning in Nickell.

In addition, this court finds that the government's reading is also inconsistent with

-16-

the Senate Report that accompanied the legislation creating I.R.C. § 6331(i).  As stated

above, the Senate Report described I.R.C. § 6331(i) as:

> require[ing] the IRS to withhold collection by levy of liabilities that are the
> subject of a refund suit during the pendency of the litigation . . . .  This
> provision will not affect the IRS's ability to <u>collect other assessments</u> that are
> not the subject of the refund suit, to offset refunds, [or] to counterclaim in a
> refund suit or related proceeding . . . .

S. Rep. No. 105-174, at 80 (1998) (emphasis added).  The reference to "other

assessments" would not have been necessary if Congress intended to include the same tax

assessments within the meaning of "any proceeding relating to a proceeding."  In view of

the foregoing, the court concludes that the government <u>may</u> be enjoined under I.R.C. §

6331(i)(4)(B) from pursuing collection of the exact same tax for the exact same tax period

against the same person.

> ## 4.   An Injunction Under I.R.C. § 6331(i)(4)(B) Would Not Be Equitable in This Case.

I.R.C. § 6331(i)(4)(B) grants courts[4] authority to enjoin, stating:

> Notwithstanding [I.R.C. §] 7421(a), a levy or collection proceeding prohibited
> by this subsection <u>may be enjoined</u> (during the period such prohibition is in

---

[4] In this court, any grant of injunctive authority "require[s] a specific and express grant of
Congress."  <u>United States v. King</u>, 395 U.S. 1, 4 (1969).  Here, Congress expressly granted
injunctive authority to "the court in which the proceeding under [I.R.C. § 6331(i)(1)] is brought."
Among the types of proceedings specifically enumerated in I.R.C. § 6331(i) are proceedings
brought for the recovery of a I.R.C. § 6672 penalty, over which Congress specifically granted
concurrent jurisdiction to the Court of Federal Claims.  28 U.S.C. § 1346.  In <u>Unico</u>, the court
also found the Court of Federal Claims to be included within this express grant of injunctive
authority, explaining that I.R.C. § 6331(i)(4)(B) serves as an exception to the Anti-Injunction
Act, I.R.C. § 7421(a), and that "Congress intend[ed] to grant whatever court in which the refund
case is properly pending the authority to enter an injunction under I.R.C. § 6331(i)(4)(B)."
<u>Unico</u>, 71 Fed. Cl. at 466-67.  The court agrees with the reasoning in <u>Unico</u>.

force) by the court in which the proceeding under [I.R.C. § 6331(i)(1)] is
brought.

Id. (emphasis added).  The inclusion of the language "may be enjoined" establishes that

this authority is permissive, giving this court "equitable discretion in deciding whether

injunctive relief is appropriate."  PGBA, LLC v. United States, 389 F.3d 1219, 1228-29

(Fed. Cir. 2004).  In deciding whether an injunction should issue, a court considers: (1)

whether, as it must, the plaintiff has succeeded on the merits of the case; (2) whether the

plaintiff will suffer irreparable harm if the court withholds injunctive relief; (3) whether

the balance of hardships to the respective parties favors the grant of injunctive relief; and

(4) whether it is in the public interest to grant injunctive relief.  PGBA, 389 F.3d at

1228-29.

        The plaintiff has satisfied the first criterion under I.R.C. § 6331(i) by

demonstrating that, with respect to the tax period ending December 2000, the

government's later-filed action in the Western District of Texas is a "collection

proceeding" under I.R.C. § 6331(i) and not exempt as a "proceeding relating to [this]

proceeding" under I.R.C. § 6331(i)(4)(A)(ii).

        However, for the reasons set forth below, the court finds that the other three

factors weigh against enjoining the government from proceeding against the plaintiff for

the same tax period in the Western District of Texas.  First, the plaintiff cannot establish

that he will be irreparably harmed if an injunction is not issued.  The court has determined

that the plaintiff has no claim for enjoining the other seventeen non-suit tax periods that

are the subject of the later-filed suit in the Western District of Texas.  The I.R.C. § 6672 proceeding in that court is underway and will provide the plaintiff with an opportunity to fully litigate his liability.  The plaintiff has not demonstrated how he will be irreparably harmed by not being able to pursue his claim for a single tax quarter in this court while he is defending himself in the later-filed action in the Western District of Texas with respect to the remaining seventeen tax periods.  It is clear that the plaintiff will have his day in court before his liability for any of the subject quarters is determined by the Western District of Texas.

Second, the balance of the hardships and public interest weigh in favor of allowing the government to go forward with its I.R.C. § 6672 action against the plaintiff with regard to the one tax period at issue in this case.  There is no dispute that the Western District of Texas includes the entire I.R.C. § 6672 assessment and includes of the parties potentially liable.  If this case is not enjoined, the government and the plaintiff will be forced to incur the needless expense of litigating one of the eighteen claims before two courts.  There is simply no reason to separate out a single quarter from the other seventeen tax periods.  It is for this same reason that the public interest weighs against an injunction.  Where, as here, the plaintiff is before two courts on an overlapping claim, but only one court can hear and resolve the entire case, common sense dictates that the court with jurisdiction over all of the potentially liable parties and over all of the subject claims

should resolve the entire case.[5]

## III.   CONCLUSION

For the foregoing reasons, the defendant's motion to suspend proceedings pending the resolution of dispositive issues regarding liability by the Western District of Texas in United States v. Kennedy, No. 10-341 (W.D. Tex. filed May 3, 2010), is **GRANTED** and the defendant's motion for an enlargement of time is **DENIED-AS-MOOT**.  The plaintiff's motion for enjoinment is **DENIED** and its application for default judgment is **DENIED-AS-MOOT**.  The court notes that while this case may be suspended, the plaintiff's claims remain pending in this court.  Should this court be made aware of another levy or collection proceeding prohibited by I.R.C. § 6331(i) made on the property or rights of the plaintiff with respect to the I.R.C. § 6672 penalty at issue in this case, this court will retain its authority to enjoin the Secretary's action under I.R.C. § 6331(i)(4)(B).  Ten days from the decision in Kennedy, No. 10-341 (W.D. Tex.), the parties shall file a joint status report regarding the outcome of that case and proposed next steps for resolution of this proceeding.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

---

[5] Indeed it is for these same reasons that suspension of the pending case is warranted.